IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:13-CV-21-BO

| | |
|---|---|
| GARY WOODSON and REBECCA WOODSON, Plaintiffs, | ) ) ) ) |
| v. | ) ) ORDER |
| ALLSTATE INSURANCE COMPANY, Defendant. | ) ) ) ) |

This matter comes before the Court on defendant's motion to stay enforcement of the judgment and to waive supersedeas bond. [DE 47]. The appropriate responses and replies have been filed, and the matter is ripe for ruling. For the reasons discussed below, defendant's motion is DENIED.

## BACKGROUND

Plaintiffs, Gary and Rebecca Woodson, initially brought suit in Currituck County, North Carolina, on claims of breach of contract and unfair trade practices under North Carolina law. Defendant removed the matter to federal court. Plaintiffs' complaint was based on defendant Allstate's denial of the Woodsons' insurance claim for flood-related damages to their property following Hurricane Irene. The Woodsons were insured by the Standard Flood Insurance Policy, issued to them by Allstate.

The matter went to a bench trial on April 25, 2016, in Elizabeth City, North Carolina. On May 4, 2016, the Court issued its Findings of Fact and Conclusions of Law, which found that defendant did breach the contract, that the actual damages to plaintiffs' property amounted to $233,398.00, and that defendant's conduct was done in bad faith and constituted unfair and

deceptive trade practices, which entitled plaintiffs to treble damages. Therefore, the Court's judgment awarded damages to plaintiffs in the amount of $700,194.00.

On May 20, 2016, defendant filed the instant motion. One week later, defendant noticed an appeal.

## DISCUSSION

Federal Rule of Civil Procedure 62(d) states: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). Federal Rule of Civil Procedure 62(e) states: "The court must not require a bond, obligation, or other security from the appellant when granting a stay on an appeal by the United States, its officers, or its agencies or on an appeal directed by a department of the federal government." Fed. R. Civ. P. 62(e).

Here, defendant asks the Court to stay enforcement of the judgment entered in this action pursuant to Fed. R. Civ. P. 62 until disposition of the appeal. Defendant does not make clear which Rule 62 provision it relies upon, but the Court finds that defendant's only possible course for the requested relief is Rule 62(d). As a foundational matter, defendant has not explicitly claimed relief under Rule 62(e), whereas it has explicitly mentioned Rule 62(d). Moreover, defendant has done nothing to demonstrate that it is an officer or agency of the United States. Defendant has claimed it acted as the fiscal *agent* of the United States in its role as a Write-Your-Own carrier of flood insurance but has done nothing to indicate that, as such, it is an *agency* of the United States. Additionally, the very nature of defendant's request to waive the supersedeas bond reveals that defendant rightly believes one is required in order to obtain a stay, which

2

necessarily means this matter is not covered by Rule 62(e). Accordingly, the Court's analysis will focus on Rule 62(d).

Having eliminated the possibility of relief pursuant to Rule 62(e), the Court notes, as have other courts in the Fourth Circuit, that an appellant may obtain a stay pursuant to Rule 62(d) by paying a supersedeas bond. Fed. R. Civ. P. 62(d); *see also Southeast Booksellers Ass'n v. McMaster*, 233 F.R.D. 456, 457 (D.S.C. 2006); *Alexander v. Chesapeake, Potomac & Tidewater Books, Inc.*, 190 F.R.D. 190, 192 (E.D. Va. 1999). However, "[w]hen a party seeks a stay without the filing of a supersedeas bond, the issuance of a stay is a matter within the Court's discretion." *Diamond Falls Estates, LLC v. Nantahala Bank & Trust Co.*, 2015 U.S. Dist. LEXIS 143799, *2 (W.D.N.C. Oct. 22, 2015). Such is the case in the instant matter.

Here, as defendant requests both a stay and a waiver of the supersedeas bond, the Court will first consider whether a stay is appropriate, and then, if so, consider whether bond waiver is appropriate. *See Kirby v. Gen. Elec. Co.*, 210 F.R.D. 180, 195 (W.D.N.C. 2000). The Court is guided by the traditional stay factors when determining whether a stay is appropriate. *See Diamond Falls Estates*, 2015 U.S. Dist. LEXIS 143799 at *2–5. The factors regulating issuance of a stay are, generally, "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

With respect to the first factor, the Court cannot find that the stay applicant—defendant— has made a strong showing that it is likely to succeed on the merits on appeal, as the Court recently found against defendant on the merits of all claims in its Findings of Fact and

3

Conclusions of Law. [DE 45]. The Court does not now reverse course. Accordingly, this factor weighs against a stay.

As for the second factor, there has been no evidence defendant will be irreparably injured absent a stay, so this factor, too, weighs against a stay.

As for the third factor, there is some evidence that issuance of a stay will substantially injure plaintiffs. As plaintiffs note in their response to the instant motion, they have been waiting for years now for payment on what the Court has already determined was a rightful claim. Additional delay could certainly injure plaintiffs further. Accordingly, this factor also weighs against a stay.

As for the fourth and final factor, the Court finds that the public interest lies against granting a stay. As already discussed in the Findings of Fact and Conclusions of Law, defendant's actions in this case constituted a flagrant bad faith denial of a rightful claim. The Court will not now use its discretion to delay payment of that claim further. Accordingly, consideration of the public interest also weighs against a stay.

As all four factors weigh against a stay, the Court, in its discretion, denies defendant's motion to stay enforcement of the judgment. Accordingly, the Court need not consider whether to waive supersedeas bond but notes that, in its discretion, it would not waive the supersedeas bond. Finally, the Court also notes that defendant may still elect to post a full supersedeas bond as required by Rule 62(d). Unless and until such bond is posted, however, execution on the judgment may proceed.

## CONCLUSION

For the reasons discussed above, the Court, in its discretion, DENIES defendant's motion to stay enforcement of the judgment and to waive supersedeas bond. [DE 47].

SO ORDERED, this __7__ day of July, 2016.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 2:13-cv-00021-BO   Document 61   Filed 07/07/16   Page 5 of 5