IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:13-CV-21-BO

| | |
|---|---|
| GARY WOODSON and REBECCA WOODSON,<br>Plaintiffs, | )<br>)<br>)<br>) |
| v. | )     O R D E R<br>) |
| ALLSTATE INSURANCE COMPANY,<br>Defendant. | )<br>)<br>) |

This matter comes before the Court on plaintiffs' motions for extension of time to move for fees and for attorney's fees, as well as defendant's motion to stay enforcement of the judgment and for approval of supersedeas bond. The appropriate responses and replies have been filed, and the matters are ripe for ruling. For the reasons discussed below, all motions are GRANTED.

## BACKGROUND

Plaintiffs, Gary and Rebecca Woodson, initially brought suit in Currituck County, North Carolina, on claims of breach of contract and unfair trade practices under North Carolina law. Defendant removed the matter to federal court. Plaintiffs' complaint was based on defendant Allstate's denial of the Woodsons' insurance claim for flood-related damages to their property following Hurricane Irene. The Woodsons were insured by the Standard Flood Insurance Policy, issued to them by Allstate.

The matter went to a bench trial on April 25, 2016, in Elizabeth City, North Carolina. On May 4, 2016, the Court issued its Findings of Fact and Conclusions of Law, which found that defendant did breach the contract, that the actual damages to plaintiffs' property amounted to $233,398.00, and that defendant's conduct was done in bad faith and constituted unfair and

deceptive trade practices, which entitled plaintiffs to treble damages. Therefore, the Court's judgment awarded damages to plaintiffs in the amount of $700,194.00. Defendant noticed an appeal on May 27, 2016. Defendant's earlier motion to stay judgment and waive supersedeas bond was denied.

## DISCUSSION

Plaintiffs now move for an extension of time to move for attorney's fees and for attorney's fees. Defendant again moves for a stay of judgment but now also moves for approval of supersedeas bond.

I.    Motions for Extension of Time and for Attorney's Fees

A. Motion for Extension of Time to Move for Fees

Plaintiffs move for an extension of time to move for fees. Federal Rule of Civil Procedure 54 permits a prevailing party to move for attorney's fees within fourteen (14) days after the entry of judgment. Fed. R. Civ. P. 54(d). However, Federal Rule of Civil Procedure 6 allows the Court to extend this time frame "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b).

Thus, the issue turns on whether plaintiffs have demonstrated excusable neglect to justify an untimely motion for attorney's fees. "Under Rule 6(b), where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is the 'result of excusable neglect.'" *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993). The Supreme Court has held that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of

2

the movant." *Id.* at 392 (quoting 4A C. Wright & A. Miller, *Federal Practice and Procedure* § 1165, p. 479 (2d ed. 1987)). The Supreme Court maintained a somewhat nebulous definition of what constitutes negligence under this standard, but seemed to conclude it was within "the most natural meaning of the word 'neglect.'" *Id.* at 394–95. As to what makes this neglect excusable, the Supreme Court held that this "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. Factors to consider when making this equitable determination may rightly include danger of prejudice to the opposing party, length of the delay and its potential impact on the proceedings, the reason for the delay— "including whether it was within the reasonable control of the movant"—and whether the movant acted in good faith. *Id.*

Here, plaintiffs explain in their motion that the reason for the delay was ongoing settlement negotiations with defendant before the appeal deadline following the Court's Findings of Fact and Conclusions of Law. *See* [DE 54-1]. The Court has considered each of the factors above and finds that they militate toward granting plaintiffs' motion.

First, the Court finds that Allstate will suffer no prejudice as a result of plaintiffs' filing their motion for fees in June rather than May. Indeed, the Court finds that defendant may well benefit from this timing, as having to respond to a motion for fees only for the case to settle would have required additional, unnecessary resources of defendant.

Second, the Court finds that the length of the delay and its potential impact on the proceedings are negligible. Plaintiffs' motion was filed approximately three weeks after the Rule 54 deadline. Moreover, as discussed above, the impact on the proceedings may actually have worked to Allstate's benefit.

3

Finally the Court finds that the reason for the delay is acceptable and, relatedly, that plaintiffs acted in good faith. Plaintiffs' attorneys were actively working toward settlement as the clock to file for fees was running. As settlement requires both parties' agreement, this circumstance was not entirely in plaintiffs' control. Prioritizing settlement negotiations led to a delay in moving for fees. The Court finds that this is an acceptable reason for an untimely motion and that, as the delay was due to ongoing settlement negotiations, that plaintiffs are acting in good faith in now moving for fees.

For all these reasons, the Court finds that plaintiffs have sufficiently demonstrated excusable neglect to justify their otherwise untimely motion for attorney's fees. Consequently, plaintiffs' motion for extension of time is granted.

B. Motion for Attorney's Fees

Plaintiffs now move for attorney's fees under the relevant North Carolina law, which states:

> In any suit instituted by a person who alleges that the defendant violated G.S. 75-1.1, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party, such attorney fee to be taxed as a part of the court costs and payable by the losing party, upon a finding by the presiding judge that: (1) The party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit; or (2) The party instituting the action knew, or should have known, the action was frivolous and malicious.

N.C. Gen. Stat. § 75-16.1.

Here, plaintiffs move under Subsection (1). Therefore, the Court must find that (1) Allstate willfully engaged in the act or practice, and (2) Allstate demonstrated an unwarranted refusal to fully resolve the matter. *See* N.C. Gen. Stat. §75-16.1(1). The Court finds that both of these requirements are met in the instant matter.

4

First, the Court has previously found, in its Findings of Fact and Conclusions of Law, that Allstate willfully engaged in the wrongful acts. The Court herein reiterates its earlier findings that: "the denial of benefits to the Woodsons was a flagrant act of bad faith on the part of the carrier;" "Allstate has endeavored at every step of the process to deny coverage to plaintiffs' worthy claim;" "Allstate engaged in a long pattern of denial and cover-up;" and "the Court is compelled to find that the denial of the Woodsons' claim was, in fact, an act of bad faith and an unfair trade practice." [DE 45]. Accordingly, the Court now finds that defendant's acts were willful such that they satisfy the first prong of the relevant subsection.

Second, the Court now finds that Allstate demonstrated an unwarranted refusal to fully resolve the matter. The Court first notes, as it did in its Findings of Fact and Conclusions of Law, Allstate's astonishing repair offer of $1,134.99, which, minus the Woodsons' deductible, meant the Woodsons would have ultimately received $134.99 to repair the damage to their house that was proven at trial to be accurately valued at $233,398.00. In and of itself, this is compelling evidence of refusal to fully resolve the matter. The Court also takes into account the affidavit of plaintiff Gary Woodson, which states that this offer of $1,134.99 was the *only* offer ever made to plaintiffs, despite multiple mediation meetings and following the trial judgment against Allstate. [DE 56-1]. Indeed, Allstate made no monetary settlement offer after the lawsuit was filed despite what the Court found to be the Woodsons' worthy claim of significant flood damage. *Id.*; [DE 45]. For all these reasons, the Court now finds that defendant Allstate demonstrated an unwarranted refusal to fully resolve the matter.

Having satisfied both requirements of Subsection (1), the Court, in its discretion, hereby finds that plaintiffs are entitled to an award of reasonable attorney's fees. The Court now turns to the matter of how much this reasonable award should be.

To calculate attorney's fees, "a district court must first determine the lodestar amount (reasonable hourly rate multiplied by hours reasonably expended), applying the *Johnson/Barber* factors when making its lodestar determination." *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). The *Johnson/Barber* factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* at 321 (citing *Spell v. McDaniel*, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987)). An exhibit accompanying an affidavit by lead plaintiffs' counsel Bradley Evans states that he billed 150 hours at an hourly rate of $295.00 (discounted $100.00 from his usual complex litigation rate), while co-counsel Michael Parrish and Mary Cavanagh billed 41.50 hours each at $225.00 and $250.00 per hour, respectively, for a total of $63,962.50 for 233 hours.

The Court now considers the twelve relevant factors.[1] As to the first factor, the Court considers the document laying out the hours expended on this case, plaintiffs' counsel's offer to provide extensive records for *in camera* inspection, and defendant's lack of objection to these totals. As to the second factor, the Court considers the complicating factor of litigating traditionally state law issues with an overlay of federal law and federal insurance. As to the third factor, the Court considers the attorneys' need to conduct nuanced legal research as well as prepare exhibits and witnesses for a bench trial. As to the fourth factor, the Court recognizes the opportunity costs associated with going to trial rather than settling a matter. As to the fifth factor,

---

[1] As a foundational matter, the Court notes that defendant did not object or respond to Mr. Evans's substantive assertions. Nevertheless, the Court will consider each factor.

6

the Court considers Mr. Evans's assertion, unchallenged by defendant, that the hourly fees requested are consistent with local norms and even substantially less than the customary contingency arrangements. As to the sixth factor, the Court again takes as true Mr. Evans's statement, unchallenged by defendant, that the firm's expectations were consistent with the aforementioned customary fees. As to the seventh factor, the Court notes that plaintiffs' counsel was retained approximately six months before trial and had to prepare for trial, including retention of the joint expert, in that fairly limited window. As to the eighth factor, the Court considers that the damage to plaintiffs' home was found to total over $233,000.00 and that plaintiffs successfully proved the statute required to treble those damages. As to the ninth factor, the Court has reviewed the attached attorney biographies of the relevant attorneys. As to the tenth factor, the Court recognizes and concurs with counsel's assertion that this factor is unknown as it applies to the present case. As to the eleventh factor, the Court recognizes that this is the first engagement of counsel for these clients; the Court also notes the nature of the precipitating events of the lawsuit make this outcome fairly predictable. Finally, as to the twelfth factor, the Court has considered its prior experiences and the precedent cited by plaintiffs' counsel.

Having considered all the required factors, the Court, in its discretion, finds that an award of attorney's fees in the requested amount of $63,962.50 is reasonable, and plaintiff's motion for the same is hereby granted.

The Court has read defendant's response in opposition to plaintiff's motion for attorney's fees but reiterates its position found in the Findings of Fact and Conclusions of Law: this case is a rare instance of a bad faith denial for which the higher purpose of the National Flood Insurance Program—to wit, providing relief for worthy claims—and the important goal of sending a strong

7

Case 2:13-cv-00021-BO   Document 68   Filed 08/23/16   Page 7 of 8

message that bad faith denials will not be tolerated are best served by awarding damages and, here, attorney's fees, that may not be awarded in the typical case. The Court does not depart from this position now.

II. Motion to Stay and for Approval of Supersedeas Bond

The Court now considers defendant's uncontested motion to stay enforcement of the judgment, for approval of supersedeas bond, and the attached supersedeas bond. The supersedeas bond filed by Allstate (Bond No. 106512583) is approved. Moreover, the Court hereby orders that enforcement of the judgment entered May 4, 2016, is stayed pending disposition of the appeal to the United States Court of Appeals for the Fourth Circuit.

## CONCLUSION

For the reasons discussed above, plaintiffs' motion for extension of time is GRANTED. [DE 54]. Plaintiffs' motion for attorney's fees is GRANTED. [DE 56]. Fees in the amount of $63,962.50 are hereby AWARDED. Finally, defendant's motion to stay and for approval of supersedeas bond is GRANTED. [DE 62]. Defendant's supersedeas bond is hereby APPROVED and enforcement of the judgment in this case is hereby STAYED pending disposition of the appeal to the United States Court of Appeals for the Fourth Circuit.

SO ORDERED, this 23 day of August, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE